[No. 14750.   Department One. — December 13, 1892.]

## CHARLES J. BOSKOWITZ, RESPONDENT, *v.* J. LE-ROY NICKEL, APPELLANT.

PARTNERSHIP SETTLEMENT — ADVANCES BY ONE PARTNER FOR PURCHASE OF LAND. — In a settlement between partners, where one of the partners has advanced merchandise, paid for from his personal funds, for the purchase of a tract of land, which both parties treated as partnership land, the other partner should be charged with one half of the value of the merchandise as his share of the cost of the investment.

ID. — INTEREST UPON PARTNERSHIP INDEBTEDNESS. — Where, by the terms of an agreement between the partners, it was expressly agreed that each party should satisfy one half of the interest charged upon all indebtedness due subsequent to the date of the agreement, it is proper to charge interest upon the amount due to a partnership creditor whose indebtedness was created subsequent to the agreement, with the express consent of the partner who objects to such charge.

ID. — OFFICE EXPENSES. — A partner is properly chargeable with his share of office expenses, where there is nothing in the agreement of the partners to the contrary.

FINDINGS — EMBODIMENT OF EVIDENCE AND MATTERS OF LAW. — The practice of drawing findings which consist of a detailed statement of the evidence and the respective claims of the parties to the action, together with the views of the court upon matters of law, is one not to be commended. If it is desirable in any case to place the evidence before the appellate court, a motion for a new trial should be made.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Olney, Chickering & Thomas,* for Appellant.

*Edmund Tauszky,* for Respondent.

GAROUTTE, J. — This is an appeal from a judgment settling the partnership accounts existing between the parties to the action; and it is insisted that the conclusions of law as to certain items of the account charged to appellant are not supported by the findings of fact.

Difficulties having arisen between these parties as to the conduct of the business, and the firm having but one creditor, it was concluded to close out the business, and an agreement of liquidation was entered into with that

object in view. This agreement contained the following provisions: " 4. The entries in the books as they stand at the present time shall be treated as correct, and as having been made after full discussion of all matters involved. 5. Interest on all overdue accounts becoming due to said Live Oak Distillery Company after this date shall be borne and paid equally between the parties hereto."

The court held that an item of the account consisting of $666.31 should not be credited to appellant. This item was the value of one half of certain whisky which formed a portion of the purchase price of a tract of land. The court found that this whisky was paid for from the personal funds of the appellant, and that the whole transaction was considered by both parties as a partnership matter, and they asked that it be settled as such. It is insisted by respondent that the fourth provision of the agreement of liquidation, wherein it is provided that the books as they stand at the present time shall be treated as correct, bars any credit to appellant as to this item. Such position is not tenable, and we hold to the contrary. Respondent recognized the transaction as a partnership matter, took title to one half the realty in his own name, had the full benefit of appellant's money, and should be charged with his share of the cost of the investment. There is nothing in the provisions of the contract quoted to prevent such an adjustment; neither are the books of the firm here referred to impeached by such a course.

The item of interest upon the amount due the partnership creditor was also a proper charge against respondent. The last indebtedness of the partnership to the creditor was created with the express consent of the respondent, and created subsequent to his agreement of 1888, which expressly provided that each party should satisfy one half of the interest charged upon all indebtedness due subsequent to the date of the agreement. Respondent's share of the office expenses is also a proper charge to be placed in the account. We find nothing

in the agreement of May, 1888, to prevent the allowance of these items.

The findings in this case consist of a detailed statement of the evidence and the respective claims of the parties to the action, together with the views of the court upon matters of law.  The practice is not one to be commended, and if it is desirable in any case to place the evidence before this court, a motion for a new trial should be made.

Let the cause be remanded, with directions to the trial court to modify the judgment by deducting therefrom the sum of $802.62 from the date of the entry thereof, and in all other respects let the judgment be affirmed.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.